## FIRST NAT. BANK OF SARATOGA SPRINGS v. ROCK CITY FALLS PAPER CO.

(Supreme Court, Special Term, Saratoga County. February, 1898.)

FOREIGN CORPORATIONS—CONFLICT OF LAWS — ASSIGNMENT FOR BENEFIT OF CREDITORS—ACTION TO SET ASIDE—ESTOPPEL.

A foreign corporation, organized under the laws of a state which prohibits an insolvent corporation from making an assignment, carried on business in New York, and, becoming insolvent, made a general assignment, preferring its employés. After a general accounting, and a decree dividing the proceeds, a creditor, who was a party to all the proceedings, without previous protest, and who acted as depositary of the funds of the assignee, attached the cash on the ground that the assignment was in conflict with the laws of the state creating the corporation, and void. *Held*, that the creditor was estopped from making such plea.

Attachment by the First National Bank of Saratoga Springs against the Rock City Falls Paper Company. Motion by the assignee for the benefit of the creditors of defendant to set aside the attachment. Motion granted.

W. D. McNulty, for plaintiff.

E. T. Brackett, for assignee.

RUSSELL, J. The defendant is a manufacturing company, organized under the laws of the state of New Jersey, which prohibit an insolvent corporation from making any assignment of its property. Its industrial business was carried on in the state of New York, which was permitted by the laws of New Jersey. Becoming insolvent, defendant made a general assignment without preference, except to employés, in pursuance of the laws of the state of New York. The plaintiff was a party to the proceedings under the assignment, both as creditor and depositary of the funds of the assignee. The proceedings under the assignment went to a general accounting, and a decree dividing the proceeds. By that decree the plaintiff was entitled to a distributive share. Thereafter the plaintiff brought this action, and levied by attachment upon the cash in the hands of the assignee, under the legal theory that the assignment was in conflict with the laws of the state of New Jersey, which created the corporation, and therefore void. This motion is now made by the assignee to set aside the attachment, and allow the distribution of the funds as directed by the decree of the county court of Saratoga county.

There is no doubt that the assignment would be void under the laws of the state of New Jersey so far as those laws have valid operation. In the conflict of laws between two states, the disposition of the property of the insolvent, as a matter in rem, is generally guided by the rules of municipal policy as to the proper division of the property of insolvents within the jurisdiction of the forum in which the controversy lies. Where both the property was acquired by the corporation and the liabilities created by it within that forum, the general rules of public policy, adopted for the best interests of the citizens of the state, should apply, rather than mere questions of

state comity; and it is a serious question whether one state can create an artificial being, with permission to make contracts and deal in property in another state, and yet withhold from the other state the power to dispose of that property among the creditors in the way which seems to it just. It would be confessedly within the power of the state of New York by general law to devote such property to the payment of creditors, irrespective of any provisions of the laws of the state to which it owed simply its formal existence; and, even if the grasp of the courts of this state upon the property was secured by voluntary action of the corporation itself, forbidden by the laws of the state of New Jersey, still the general laws of the state of New York may accept the imperfect action as a cause of distribution, as in case of insolvency, and so administer the estate.

These views arise from the situation of this case, uncomplicated by any action of the plaintiff. That action, however, has an important bearing upon the question to be solved. The plaintiff was duly made a party to the proceeding in the county court, and should be bound by its decree of distribution. No protest in that proceeding was taken by the plaintiff, and its validity was affirmed by the acceptance of the position of depositary of the trust funds. The decree of the county judge was final as to every conclusion embraced within the power incidental to the performance of the duties imposed upon that court. It was one of the necessary duties of that court to say how the proceeds should be divided, and to what share the plaintiff should be entitled. Jurisdiction of the persons of the creditors was gained by that court, and the estoppel applies as forcibly under the circumstances of this case as though the plaintiff had accepted the dividend awarded, and then sought by attachment to take away the remainder left to its companion creditors. The motion to vacate the attachment is granted, with costs.

Motion granted, with costs.